UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD SALINO GARCIA,

    Plaintiff,

v.                                          Case No. 8:21-cv-1845-TPB-AEP

AL NIENHUIS,

    Defendant.
_____/

## ORDER ON LIMITED REMAND FROM THE ELEVENTH CIRCUIT

This matter is before the Court on limited remand from the United States Court of Appeals for the Eleventh Circuit. (Doc. 19). The Eleventh Circuit remanded this action to the Court "for the limited purpose of determining whether to reopen the appeal period under Federal Rule of Appellate Procedure 4(a)(6)." (*Id.* at 2). For the reasons set forth below, the Court declines to reopen the appeal period.

## Background

*Pro se* Plaintiff Richard Salino Garcia filed this civil rights action in July 2021. (Doc. 1). When he signed the complaint, Garcia "agree[d] to provide the Clerk's Office with any changes to [his] address where case-related papers may be served." (*Id.* at 11). He also indicated his

"understand[ing] that [the] failure to keep a current address on file with the Clerk's Office may result in the dismissal of [his] case." (*Id.*) In December 2021, Garcia submitted a notice of change of address, informing the Court that he was now incarcerated at the Pasco County Detention Center. (Doc. 6).

On April 4, 2022, the Court screened the complaint under 28 U.S.C. § 1915A, dismissing several claims with prejudice but giving Garcia thirty days to file an amended complaint against Sheriff Al Nienhuis. (Doc. 8 at 7-9). Two weeks later, Garcia's copy of this order was returned to the Court as undeliverable. (Doc. 9). The envelope noted that Garcia was "not in custody." (Doc. 9-1).

Accordingly, on April 28, 2022, the Court dismissed this action without prejudice "[d]ue to [Garcia's] lack of prosecution." (Doc. 10). The Court noted that Garcia was "obligated to keep this Court advised of his current address to effectively process this litigation—an obligation he acknowledged by signing his complaint." (*Id.*) On May 9, 2022, Garcia's copy of the dismissal order was returned as undeliverable. (Doc. 11).

On March 7, 2023—ten months after this action was dismissed—Garcia filed an untimely notice of appeal. (Doc. 12). In his notice of appeal, Garcia stated that he did not receive the Court's April 2022 orders. (*Id.*) He also

noted that he was once again incarcerated at the Pasco County Detention Center. (*Id.*)

On May 3, 2023, the Eleventh Circuit *sua sponte* remanded this action "for the limited purpose of determining whether to reopen the appeal period under Federal Rule of Appellate Procedure 4(a)(6)." (Doc. 19 at 2). The Eleventh Circuit explained that Garcia's March 7, 2023 notice of appeal was "untimely to appeal from the district court's final judgment dismissing his case, deemed entered on September 26, 2022."[1] (*Id.*) Nevertheless, because Garcia's "notice of appeal seemingly indicate[d] that he did not receive proper notice of the court's final judgment," the Eleventh Circuit found that "there [was] a question as to whether the appeal period should be reopened under [Rule] 4(a)(6)." (*Id.* at 2-3).

## Analysis

Rule 4(a)(6) "provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered." *Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.*, 279

---

[1] Because the Court did not enter a separate judgment when it dismissed this action, final judgment was deemed entered on September 26, 2022—150 days after entry of the dismissal order. *See Dyer v. Wal-Mart Stores, Inc.*, 535 F. App'x 839, 844 (11th Cir. 2013) ("If a district court was required to set out a judgment or order in a separate document and did not do so, the rules provide that the judgment or order is considered entered after 150 days have run from the entry of a judgment or order in the civil docket." (citing Fed. R. App. P. 4(a)(7)(A)(ii); Fed. R. Civ. P. 58(c)(2)(B))).

F.3d 1306, 1311 (11th Cir. 2002). Under Rule 4(a)(6), "the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered," but only if: (1) the moving party did not receive notice of the judgment within 21 days of its entry; (2) the motion is filed within 180 days after the judgment is entered or within 14 days after the moving party receives notice of the judgment, whichever is earlier; and (3) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6).

Even if a party satisfies Rule 4(a)(6)'s requirements, the court is not required to reopen the appeal period. *See Odukoya v. Reese*, 181 F. App'x 917, 918-19 (11th Cir. 2006) ("Rule 4(a)(6) allows—but does not require—a district court to reopen the time to file an appeal if certain conditions are met."). For example, the court may decline to reopen the appeal period if "the moving party is to blame for her failure to receive notice of the judgment or order sought to be appealed." *Jacobs v. Alorica*, No. 1:15-cv-850-WSD, 2016 WL 5341780, at *2 (N.D. Ga. Sept. 23, 2016); *see also Bazemore v. United State*s, 292 F. App'x 873, 875 (11th Cir. 2008) (holding that petitioner's failure to "officially notif[y] the court of his change of address" was "alone [] a sufficient basis for denying [his] motion to reopen" appeal period); *Odukoya*, 181 F. App'x at 919 (affirming district court's "refusal to extend the time to file"

- 4 -

notice of appeal because plaintiff's "admitted failure to keep the district court informed of his location caused a delay in his receipt of the judgment").

The Court assumes, *arguendo*, that Garcia meets the requirements of Rule 4(a)(6). Nevertheless, the Court declines to reopen the appeal period because Garcia "is to blame for [his] failure to receive notice of the judgment . . . sought to be appealed." *Jacobs*, 2016 WL 5341780, at *2. Garcia did not receive timely notice of the order dismissing this case because he failed to notify the Court of his change of address. When he initiated this action, Garcia "agree[d] to provide the Clerk's Office with any changes to [his] address where case-related papers may be served." (Doc. 1 at 11). He also indicated his "understand[ing] that [the] failure to keep a current address on file with the Clerk's Office may result in the dismissal of [his] case." (*Id.*) Yet, following his release from the Pasco County Detention Center, Garcia failed to submit an updated address. As a result, he did not timely receive the Court's dismissal order. Garcia's failure to "officially notif[y] the [C]ourt of his change of address" "is a sufficient basis for" denying relief under Rule 4(a)(6). *Bazemore*, 292 F. App'x at 875.[2]

---

[2] *See also, e.g.*, *Woods v. Att'y Gen. of Maryland*, 523 F. App'x 241, 242 (4th Cir. 2013) ("Because [plaintiff's] failure to keep the district court apprised of his address change led to his not receiving the dismissal order in a timely manner, the district court did not abuse its discretion in denying him relief under Rule 4(a)(6)."); *McCauley v. Riley*, 459 F. App'x 235, 237 (4th Cir. 2011) (affirming denial of "motion to reopen the appeal period" under Rule

In short, because Garcia is to blame for his failure to receive timely notice of the dismissal order, the Court declines to reopen the appeal period under Rule 4(a)(6).

## Conclusion

Accordingly, and for the reasons set forth herein, it is **ORDERED** that:

1. The Court **DECLINES** to reopen the appeal period under Rule 4(a)(6).
2. This case shall be returned to the Eleventh Circuit for further proceedings. The Clerk shall forward a copy of this Order to the Eleventh Circuit.

**DONE** and **ORDERED** in Tampa, Florida, on May 9, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

4(a)(6) because plaintiff "would have received timely notice of the district court's judgment if he had properly apprised the Clerk of his change of address"); *Benavides v. Bureau of Prisons*, 79 F.3d 1211, 1214 (D.C. Cir. 1996) ("If in a particular case the movant is at fault—if the movant negligently failed to notify the clerk of his change of address, for example—then the district court may, in its discretion, deny relief under Rule 4(a)(6)."); *Clayton v. United States*, No. 3:13-cr-002-MMH-MCR, 2020 WL 3428035, at *3 (M.D. Fla. June 23, 2020) (noting that a "movant's failure to notify the district court of a change of address, resulting in the movant's failure to timely receive a copy of the order he seeks to appeal, is a sufficient reason not to reopen the time to appeal under Rule 4(a)(6)").